**KENAI PENINSULA BOROUGH,
Appellant,**

v.

**KENAI PENINSULA BOARD OF REALTORS, INC.; Kachemak Board of Realtors, Inc.; Alaska Society of Professional Land Surveyors, Kenai Peninsula Chapter; and Kachemak Bay Title Agency, Inc., Appellees.**

No. 6374.

Supreme Court of Alaska.

Oct. 15, 1982.

Joseph L. Kashi, Asst. Borough Atty., Andrew R. Sarisky, Borough Atty., Kenai, for appellant.

C.R. Baldwin, Kenai, for appellee, Kenai Peninsula Bd. of Realtors, Inc.

Before BURKE, C.J., RABINOWITZ, CONNOR, MATTHEWS and COMPTON, JJ.

## OPINION

MATTHEWS, Justice.

Ordinance 81–28 of the Kenai Peninsula Borough provides that land may be subdivided into parcels of ten acres or more without presentation of a plat to the planning commission.[1] However, state law requires plat approval by the applicable platting authority before land may be subdivided and sold,[2] and permits the platting authority in individual cases to waive the requirement of plat approval if certain conditions are met.[3]

Appellees sought a declaratory judgment that Ordinance 81–28 was void because it conflicted with state law. The superior court denied appellant's motion to dismiss for lack of standing, and granted appellees' motion for summary judgment holding the ordinance to be inconsistent with state law.

Concerning appellees' standing, the superior court held that at least Kachemak Bay Title Agency, Inc. had the requisite stake in the outcome of this case. The court stated:

Kachemak is a business corporation in the business of issuing policies of title insurance on real property. If the invalid ordinance were allowed to stand, Kachemak would be harmed in that it would have to forego issuing policies of title insurance because of potentially invalid titles or write the policies and risk the consequences. Accordingly, the injury-in-fact requirement of *Wagstaff v. Superior Court, Family Division,* 535 P.2d 1220 (Alaska 1975) has been met. Plaintiff Kachemak would be in line to sustain particular and individualized injury-in-fact if the ordinance were allowed to stand.

The superior court's conclusion is plainly correct. The ordinance quite plausibly would harm Kachemak's economic interests. The ambiguous and uncertain property descriptions which would probably occur with greater frequency under the ordinance could substantially increase Kachemak's burden in determining titles and its expo-

---

**1.** The ordinance provides as follows:

> Subdivisions of land into aliquot parts of 10 acres or more are hereby approved and no presentation to the commission is required. Within the limits of first class cities such subdivisions may be prohibited by ordinance. The Borough Planning Commission is the platting authority for the Kenai Peninsula Borough. AS 40.15.070.

**2.** AS 40.15.010 in relevant part provides:

> Before the lots or tracts of any subdivision or dedication may be sold or offered for sale, the subdivision or dedication shall be submitted for approval to the authority having jurisdiction, as prescribed in this chapter. The regular approval of the authority shall be shown on it or attached to it and the subdivision or dedication shall be filed for record in the office of the recorder.
>
> The term "subdivision" is defined as "the division of a tract or parcel of land into two or more lots, sites, or other divisions for the purpose, whether immediate or future, of sale or building development...." AS 40.15.-190(2)(A).

**3.** AS 29.33.170 provides:

> *Waiver in certain cases.* (a) The platting authority shall, in individual cases, waive the preparation, submission for approval, and recording of a plat upon satisfactory evidence that
>
> (1) each tract or parcel of land will have adequate access to a public highway or street;
>
> (2) each parcel created is five acres in size or larger and that the land is divided into four or fewer parcels;
>
> (3) the conveyance is not made for the purpose of, or in connection with, a present or projected subdivision development;
>
> (4) no dedication of a street, alley, thoroughfare or other public area is involved or required.
>
> (b) In other cases the platting authority may waive the preparation, submission for approval, and recording of a plat, if the transaction involved does not fall within the general intent of §§ 29.33.150–29.33.240 of this chapter and AS 40.15 if it is not made for the purpose of, or in connection with, a present or projected subdivision development and no dedication of a street, alley, thoroughfare, park or other public area is involved or required.

sure to liability. These interests are economic. Kachemak therefore has a sufficient stake in the outcome of this lawsuit to meet our liberal standing requirements. *Moore v. State,* 553 P.2d 8, 23–24 (Alaska 1976).

■ On the merits the superior court was also clearly correct. The ordinance directly conflicts with AS 40.15.010 because that statute requires that all subdivisions be submitted for approval to the platting authority while the ordinance purports to make an exception to that requirement. The ordinance also conflicts with AS 29.33.170. That statute permits waiver, on an individual basis, of the platting requirement when specified findings are made by the platting authority; the ordinance dispenses with the requirement to seek a waiver and renders the required findings irrelevant so long as no parcel is smaller than 10 acres. The statutes and the ordinance are therefore so substantially irreconcilable that the statutes cannot be given substantive effect if the ordinance is to be accorded the weight of law. *Jefferson v. State,* 527 P.2d 37, 43 (Alaska 1974). The ordinance is thus void.

■ Also challenged on appeal is the superior court's award of full attorney's fees of $4,615.50. It was within the court's discretion to consider this litigation within the public interest exception to the general rule that the prevailing party is to be awarded only partial attorney's fees. *See Thomas v. Bailey,* 611 P.2d 536, 539 (Alaska 1980); *Anchorage v. McCabe,* 568 P.2d 986, 993–94 (Alaska 1977). Full attorney's fees were therefore justified.[4]

AFFIRMED.

---

4. Appellant's claim that there was no case or controversy was not raised in the superior court and is therefore waived. *Wickwire v.*

*McFadden,* 633 P.2d 278, 281 n.6 (Alaska 1981); *Jeffries v. Glacier State Tel. Co.,* 604 P.2d 4, 11 (Alaska 1979).